# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL BROOKS, individually and on behalf of all other similarly situated individuals,<br><br>    Plaintiff,<br>    v.<br><br>MRO CORPORATION and DEACONESS HEALTH SYSTEM, INC.,<br><br>    Defendants. | Case No. 2:26-cv-01838<br><br>CLASS ACTION<br><br>Filed March 20, 2026 |
| TERRY McCLEAVE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>    v.<br><br>MRO CORPORATION and DEACONESS HEALTH SYSTEM, INC.,<br><br>    Defendants. | Case No. 2:26-cv-01869<br><br>CLASS ACTION<br><br>Filed March 20, 2026 |
| LISA SPRADLIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>    v.<br><br>MRO CORPORATION and DEACONESS HEALTH SYSTEM, INC.,<br><br>    Defendants. | Case No. 2:26-cv-01892<br><br>CLASS ACTION<br><br>Filed March 23, 2026 |

| | |
|---|---|
| MARK SOPER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>MRO CORPORATION, MEDICOPY SERVICES, INC., and DEACONESS HEALTH SYSTEM, INC.,<br><br>        Defendants. | Case No. 2:26-cv-01909<br><br>CLASS ACTION<br><br>Filed March 24, 2026 |
| ALLISON MCCALISTER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>MRO CORPORATION, MEDICOPY SERVICES, INC., and DEACONESS HEALTH SYSTEM, INC.,<br><br>        Defendants. | Case No. 2:26-cv-02010<br><br>CLASS ACTION<br><br>Filed March 27, 2026 |
| CRYSTAL FITZGERRAL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>MRO CORPORATION, MEDICOPY SERVICES, INC., and DEACONESS HEALTH SYSTEM, INC.,<br><br>        Defendants. | Case No. 2:26-cv-02042<br><br>CLASS ACTION<br><br>Filed March 27, 2026 |

|  |  |
|---|---|
| KIMBERLY G. LAMB, individually and on behalf of all others similarly situated, | Case No. 2:26-cv-02156 |
| Plaintiff, | CLASS ACTION |
| v. | Filed April 2, 2026 |
| MRO CORPORATION, MEDICOPY SERVICES, INC., and DEACONESS HEALTH SYSTEM, INC., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

**TABLE OF CONTENTS**

I.    **INTRODUCTION**..................................................................................................1

II.   **RELEVANT BACKGROUND**..........................................................................1

III.  **ARGUMENT**......................................................................................................2

   A.  **The Related Actions Should Be Consolidated**...........................................2

   B.  **The Court Should Appoint Interim Co-Lead Class Counsel**...................4

      1.  **Appointing a Three-Lawyer Lead Counsel Structure is Appropriate Given the Complexity of Litigation and Claims.**..................................................................4

      2.  **Legal Standard for Lead Counsel Appointment.**...............................................5

         a.  **Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work in Identifying and Investigating the Claims in this Action**...............6

         b.  **Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and are Experienced in Leading and Successfully Resolving Data Privacy Class Actions**...............................................................................7

            **Kenneth J. Grunfeld of Kopelowitz Ostrow P.A.**...............................................8
            **Andrew W. Ferich of Ahdoot & Wolfson, PC**...................................................10
            **Samantha E. Holbrook of Shub Johns & Holbrook, LLP.**..............................13
            **Charles E. Schaffer of Levin  Sedran & Berman, LLP**....................................14

         c.  **Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the class**..........................................................15

         d.  **Additional Factors Supporting Appointment Under Rule 23(g)(1)(B)**.....16

IV.  **CONCLUSION**.................................................................................................18

## TABLE OF AUTHORITIES

**Cases**

*Beture v. Samsung Elecs. Am., Inc.*
  No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar. 27, 2018) ..............................5

*Biondi v. Scrushy*
  820 A.2d 1148 (Del. Ch. 2003) .....................................................................................17

*Cartee-Haring v. Cent. Bucks Sch. Dist.*
  No. 20-cv-1995, 2021 WL 5506419 (E.D. Pa. Nov. 24, 2021) ....................................................3

*Demarco v. Avalonbay Cmtys., Inc., No. 15-628 (JLL)*
  2015 U.S. Dist. LEXIS 194344 (D.N.J. Mar. 17, 2015) .........................................................5

*Fortra File Transfer Software Data Sec. Breach Litig.*
  No. 24-md-3090 (S.D. Fla.) .........................................................................................9

*Fulton-Green v. Accolade, Inc.*
  No. 18-cv-274, 2019 WL 4677954 (E.D. Pa. Sept. 24, 2019) .....................................................7

*Gordon v. Chipotle Mexican Grill, Inc.*
  No. 17-cv-1415, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) ....................................................7

*In re Checking Account Overdraft Litig.*
  09-md-02036-JLK, 2013 WL 11319244 (S.D. Fla. Aug. 2, 2013) ................................................8

*In re Disposable Contact Lens Antitrust Litigation,*
  No. 3:15-md-2626 (M.D. Fla.) .......................................................................................8

*In re Insulin Pricing Litig.*
  2017 WL 4122437 (D.N.J. Sept. 18, 2017) .......................................................................17

*In re Juul Labs, No.*
  19-md-2913 (N.D. Cal.) ..............................................................................................9

*In re Mun. Derivatives Antitrust Litig.*
  252 F.R.D. 184 (S.D.N.Y. 2008) ..................................................................................17

*In re Shop-Vac Mktg. & Sales Practices Litig.*
  MDL No. 2380, 2013 U.S. Dist. LEXIS 7023 (M.D. Pa. Jan. 17, 2013) ....................................5

*In re Terazosin Hydrochloride Antitrust Litig.*
  220 F.R.D. 672 (S.D. Fla. 2004) ....................................................................................8

*Keene v. TekniPlex, Inc.*
  No. 2:25-cv-5584, 2025 WL 3034949 (E.D. Pa. Oct. 30, 2025) ................................................3

*Michelle v. Arctic Zero, Inc.,*
  2013 WL 791145 (S.D. Cal. Mar. 1, 2013) ......................................................................17

*National Prescription Opiate Litigation*
  No. 1:17-md-2804 (N.D. Ohio) ........................................................................................9

*Nelson v. Connexin Software Inc.*
  *No. 2:22-cv-04676*, 2023 WL 2721657 (E.D. Pa. Mar. 30, 2023) ..................................3, 16, 17

*Outten v. Wilmington Tr. Corp.*
  281 F.R.D. 193 (D. Del. 2012) .......................................................................................7

*Riddick v. MedStar Health*
  No. CV 24-1335-BAH, 2024 WL 4712390 (D. Md. Nov. 7, 2024) ..........................................17

*Snowflake, Inc. Data Security Breach Litig.*
  2:24-md-03126 .......................................................................................................12

*Tolmasoff v. General Motors, LLC*
  No. 16-11747, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016) ................................5

**Statutes**

MCL § 10.22 ..............................................................................................................16

MCL § 21.11 ................................................................................................................5

MCL § 21.272 .............................................................................................................16

**Other**

Fed. R. Civ. P. 23 ...............................................................................................1, 5, 6, 7, 8, 16, 18

Fed. R. Civ. P. 42 ......................................................................................................1, 2, 3, 18

-iii-

I.    **INTRODUCTION**

The above-captioned cases relate to a data breach that recently was announced by Defendants Deaconess Health System, Inc., MRO Corporation, and Medicopy Services, Inc. ("Defendants"). As set forth below, Plaintiffs in these cases now seek entry of an order (1) consolidating these related matters pursuant to Fed. R. Civ. P. 42(a) under the first-filed *Brooks* action; (2) appointing Kenneth J. Grunfeld of Kopelowitz Ostrow P.A., Andrew W. Ferich of Ahdoot Wolfson, P.C., and Samantha E. Holbrook of Shub Johns & Holbrook LLP, as interim co-lead counsel for Plaintiffs and the putative class, and Charles E. Schaffer of Levin Sedran & Berman, LLP as interim liaison counsel (collectively, "Proposed Interim Co-Lead Counsel"), pursuant to Fed. R. Civ. P. 23(g); and (3) setting a deadline for Plaintiffs to file a consolidated class action complaint. Resumes for Proposed Interim Co-Lead Counsel are attached as Exhibits A-D.

The proposed order submitted herewith grants this requested relief and sets forth a schedule to move these cases forward on a single track. Specifically, it will relieve Defendants from having to respond to the initial complaints in these cases and will require the filing of a single consolidated amended complaint within 30 days of the Court's order appointing lead counsel.

Counsel for all Plaintiffs in all the filed actions support this motion.

Counsel for Plaintiffs have conferred with counsel for all Defendants, and Defendants do not oppose consolidation, but take no position with respect to the requested lead counsel appointments.

II.    **RELEVANT BACKGROUND**

Defendant MRO Corporation ("MRO") is a Pennsylvania-based clinical data exchange service company that manages and releases clinical data for hospitals and health systems, including for Deaconess Health System ("DHS"). Defendant DHS is a healthcare network that services a

population of more than 1.5 million people in southwestern Indiana, western Kentucky and southeastern Illinois. Defendant DHS contracts with Defendant MRO to handle patients' release of information requests, which allow health care providers to share sensitive patient information with third parties with a patient's authorization.

In April 2026, DHS announced that it had experienced a data breach involving information shared with its third-party vendor, the MRO Corp-owned company, MediCopy, in relation to release of information (ROI) requests.[1] Following an investigation in coordination with MediCopy, DHS determined that an unauthorized actor accessed MediCopy-controlled/managed cloud-based file-sharing software on January 13, 2025, and downloaded files related to the ROI requests. The impacted information varied by individual, but may have included information such as names, Social Security numbers, dates of birth, medical record numbers, date(s) of service, health insurance identification numbers, and/or medical records related to treatment received at Deaconess.

Plaintiffs and putative class members are individuals whose sensitive personal information potentially was compromised in the Data Breach. They allege, among other things, that Defendants were negligent in storing the sensitive personal information that they entrusted to it.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

---

[1] Adler, Steve, *Deaconess Health System Affected by Vendor Data Breach*, HIPAA Journal (Mar. 25, 2026), available: https://www.hipaajournal.com/deaconess-health-system-vendor-data-breach/.

Fed. R. Civ. P. 42(a). "Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiate, to consolidate causes for trial as may facilitate the administration of justice." *Cartee-Haring v. Cent. Bucks Sch. Dist.*, No. 20-cv-1995, 2021 WL 5506419, at *1 (E.D. Pa. Nov. 24, 2021) (quoting *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F. 2d 673, 675-76 (3d Cir. 1964)). To this end, courts have recognized that consolidation is appropriate in data breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *Keene v. TekniPlex, Inc.*, No. 2:25-cv-5584, 2025 WL 3034949, at *1–2 (E.D. Pa. Oct. 30, 2025) (Kenney, J.) (consolidating six related data breach cases and appointing four co-lead counsel); *Volio v. Rush Street Gaming, LLC, et al.*, No. 2:25-cv-00039 (E.D. Pa. Feb. 5, 2025) (Wolson, J.) (consolidating seven related data breach cases and appointing four co-lead counsel); *see also Nelson v. Connexin Software Inc.*, No. 2:22-cv-04676, 2023 WL 2721657, at *1 (E.D. Pa. Mar. 30, 2023) (Wolson, J.) (consolidating similar data breach class actions).

As noted above, the complaints in the above-captioned cases relate to common factual allegations and legal theories. They assert multiple common causes of action against the same Defendants related to the same factual underpinnings, and seek the same relief in response to the same event, i.e., the Data Breach. They each seek certification of similar or overlapping classes and allege that Plaintiffs and class members suffered harm because their sensitive personal information was exposed to third parties without their authorization. Consolidation of these related actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception, and it will avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. The related actions present the quintessential consolidation scenario, and the Court should consolidate them to ensure judicial economy and preserve party resources.

B.     **The Court Should Appoint Interim Co-Lead Class Counsel**

1.     **Appointing a Three-Lawyer Lead Counsel Structure Is Appropriate Given the Complexity of Litigation and Claims**

Proposed Interim Co-Lead Counsel believe that a leadership structure consisting of three attorneys as co-lead counsel and one attorney as liaison counsel is the most efficient way to successfully litigate this action and pursue the best recovery for Plaintiffs and the class. Given the complexity of the claims, the number of claims alleged, and the fact that there are groups of cases pending in this Court, this structure will maximize recovery while ensuring efficient prosecution of the claims. And because Defendants are corporations or companies with substantial resources and top-tier representation, the proposed leadership structure ensures that Plaintiffs will have the necessary resources to litigate the consolidated action. Plaintiffs will have the essential lawyers and capital needed to oppose this corporate defendant.

During all phases of the litigation, interim class counsel will, among other things: (i) organize and supervise the efforts of Plaintiffs' counsel in a manner to ensure that the necessary pretrial preparation is conducted effectively, efficiently, expeditiously, and economically; (ii) delegate work responsibilities and monitor the activities of any additional plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and expense are avoided; (iii) speak for Plaintiffs at all conferences and hearings; (iv) initiate and conduct discussions and negotiations with counsel for Defendants on all matters, including settlement; (v) determine (after consultation with other co-counsel as may be appropriate) and present in briefs or oral argument to the Court and opposing parties the position of the Plaintiffs on all matters arising during the proceedings; (vi) enter into stipulations with opposing counsel as necessary for the conduct of the litigation; (vii) select, consult with, and employ experts, as necessary, for Plaintiffs; (viii) initiate

-4-

and conduct discovery on Plaintiffs' behalf, and coordinate its efficiency; and (ix) perform such other duties in connection with prosecuting the claims in this action.

## 2.    Legal Standard for Lead Counsel Appointment

"Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that the Court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Shop-Vac Mktg. & Sales Practices Litig.*, MDL No. 2380, 2013 U.S. Dist. LEXIS 7023, at *6 (M.D. Pa. Jan. 17, 2013) (quoting Fed. R. Civ. P. 23(g)). Early appointments are especially beneficial in complex cases because they help to "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL § 21.11; *see, e.g.*, *Tolmasoff v. General Motors, LLC*, No. 16-11747, 2016 U.S. Dist. LEXIS 85101, at *27 (E.D. Mich. June 30, 2016) (appointing interim class counsel where competing cases "may follow"). Early appointments are particularly important where, as here, other cases may be filed by other counsel in this and other courts. *See, e.g., Beture v. Samsung Elecs. Am., Inc.,* No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413, at *3 (D.N.J. Mar. 27, 2018) ("This Court is persuaded that it is in the interest of the putative class of Plaintiffs to prevent a competition between counsel, and to encourage the coordination and cooperation of counsel by granting this motion."); *Demarco v. Avalonbay Cmtys., Inc.*, No. 15-628 (JLL), 2015 U.S. Dist. LEXIS 194344, at *7 (D.N.J. Mar. 17, 2015) (early appointment "will promote clarity, efficiency, and greater coordination").

"The same factors governing the appointment of class counsel [at the class certification stage] apply when appointing interim class counsel." *In re Shop-Vac Mktg. & Sales Practices Litig.*, 2013 U.S. Dist. LEXIS 7023, at *6. As a result, courts appointing interim class counsel under Rule 23(g)(1)(A) consider:

(i)  the work counsel has done in identifying or investigating potential claims in the action;

(ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources that counsel will commit to representing the class.

*Id.* (citing Fed. R. Civ. P. 23(g)(1)).

As discussed below, each of the relevant Rule 23(g) factors demonstrates that Mr. Grunfeld, Mr. Ferich, Ms. Holbrook, and their respective law firms are best able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

> **a.  Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work in Identifying and Investigating the Claims in This Action**

Proposed Interim Co-Lead Class Counsel have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of the Data Breach and this litigation. Counsel are familiar with the facts and legal issues in this matter based upon their detailed investigation and as a result of communicating with affected persons potentially impacted by the Data Breach, and retained clients.

These lawyers continue to perform substantial work that has been (and will be) valuable to the class as the case moves forward. This includes, but is not limited to, the following: (a) preparing and filing the instant motion to consolidate and appoint lead counsel (b) reviewing consumer and patient communications concerning the Data Breach; (c) engaging in ongoing communications with potential putative class members; (d) investigating the scope of the Data Breach's consequences, and Defendants' public response regarding the same; (e) researching potential

claims arising from the Data Breach and defenses thereto; (f) preparing and filing four separate, detailed complaints; (g) conferring with opposing counsel regarding this motion and the organization of these cases; and (h) using their research to begin preparing a detailed, consolidated complaint.

Proposed Interim Co-Lead Class Counsel have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue devoting the substantial effort and resources (including the advancement of costs) necessary for advancing Plaintiffs' and class members' claims. The Rule 23(g)(1)(A)(i) factor is satisfied.

> **b.      Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions**

The Rule 23(g)(1)(A)(iii)-(iv) factors are also satisfied. Data privacy cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, No. 18-cv-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) ("This is a complex case in a risky field of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim co-lead class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."). Proposed Co-Lead Counsel have extensive experience leading and litigating data privacy matters against large corporate defendants.

As demonstrated below, Mr. Grunfeld, Mr. Ferich, and Ms. Holbrook are highly qualified to lead this litigation and should be appointed as interim co-lead class counsel pursuant to Fed. R. Civ. P. 23(g). *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

The qualifications and experience of each member of the proposed leadership team are further summarized below and detailed in the accompanying firm resumes.

### Kenneth J. Grunfeld of Kopelowitz Ostrow P.A.[2]

Mr. Grunfeld's practice focuses on representing consumers in class actions against pharmaceutical manufacturers, banks, credits card issuers, and other national corporate defendants. Recently, he has filed and litigated a number of class cases involving data breaches, cybersecurity incidents and privacy matters. He also represents injured people in products liability mass tort matters. His cases have resulted in the recovery of hundreds of millions of dollars for injured individuals. Mr. Grunfeld brings with him a wealth of pre-trial, trial, and appellate work experience in both state and federal courts.

Mr. Grunfeld and Kopelowitz Ostrow (KO) have significant experience in consumer class-action litigation and have held leadership positions in a number of high-profile cases, including in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks. In that matter, U.S. District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, \*16 (S.D. Fla. Aug. 2, 2013); *see also In re Disposable*

---

[2] Mr. Grunfeld's firm resume is attached hereto as **Exhibit A**.

*Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.) (antitrust class action with $85 million recovered to date); *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio); *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.) (representing School Boards to recover over $100 million); *In re: Erie COVID-19 Business Interruption Protection Ins. Litig.*, Case No. 1:21-mc-00001-MRH (W.D. Pa.) (co-lead counsel); *Checchia v. Bank of America, N.A.*, No. 2:21-cv-3585 (E.D. Pa); *Stephen Giercyk v. National Union Fire Insurance Company of Pittsburgh, et al.*, No. 2:13-cv-06272 (D.N.J.); *Rose v. Travelers et al.*, No. 19-977 (E.D. Pa.); *Aughtman v. Yes To Inc. et al.*, No. 2:20-cv-01233-VAP-JPR (C.D. Cal.); *Thompson et al. v. 1-800 Contacts, Inc. et al.*, No. 2:16-cv-01183 (D. Utah).

Mr. Grunfeld and KO are experienced data breach counsel and are litigating over 100 cases around the country. We are currently counsel of record and part of the leadership structure in a number of pending data breach cases, including notable, large-scale cases:

- *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.) (affecting 11 million individuals);

- *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.) (affecting 9 million individuals);

- *In re: Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.) (involving patient health information with 10 defendants and an intricate "hub-and-spoke" relationship); and

- *Skurauskis v. NationsBenefits, LLC*, No. 2:23-cv-60830 (SD. Fla.) (affecting over 3 million individuals).

Other recent appointments to leadership positions in data breach class actions such as this one include: *Opris et al v. Sincera Reproductive Medicine*, No. 2:21-cv-03072 (E.D. Pa.) (co-lead); *Mateo v. Service Employees Int'l Union, Local 32BJ*, NO, 004121-22 (Bergan Co., NJ Sup. Ct.) (Lead Counsel); *Katz et al. v. Einstein Healthcare Network*, No. 02045 (Phila C.P.) (co-lead);

*Harrell v. WebTPA Emp'r Servs., LLC*, No. 3:24-cv-1160 (N.D. Tex.) (2.4 million victims); *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah) (4.3 million victims).

KO has the necessary financial and technological resources to support this litigation. We pride ourselves on practicing competently, ethically, with civility and integrity, and always with the utmost respect for the judiciary and opposing parties. We understand how to efficiently litigate complex cases while submitting technically precise filings with factually and legally supported arguments. In addition, KO has no debt and self-funds all case costs from operating revenue. Mr. Grunfeld has worked cohesively with the other proposed Interim Co-Lead Class Counsel here in other cases and is honored to support their applications in this case. He is confident that the proposed leadership structure will result in an excellent recovery for our mutual clients.

### Andrew W. Ferich of Ahdoot & Wolfson, PC[3]

Mr. Ferich is a partner at Ahdoot & Wolfson, PC, and one of the most recognizable faces in the data privacy class action litigation space, especially in this District. He is a leading national data privacy practitioner, known for a collaborative approach with co-counsel and zealous advocacy for the clients and classes he represents. He has extensive experience leading complex class actions, including some of the most high-profile privacy and consumer class action cases.

Mr. Ferich has been appointed by courts to lead some of the largest data breach class actions and is routinely recognized for his successes and leadership in these cases. Specifically, Mr. Ferich has been appointed to lead many of the most notable data breach class actions that have proceeded in this District over the last few years. For example, in *Anaya, et al. v. Cencora, Inc., et al.*, No. 2:24-cv-02961 (E.D. Pa.), Mr. Ferich was appointed as co-lead counsel in a massive hub-and-spoke-like data breach involving Cencora (f/k/a AmerisourceBergen) and its numerous

---

[3] Mr. Ferich's resume is attached as **Exhibit B**.

pharmaceutical company customers. Judge Rufe recently granted final approval to a $40 million common fund settlement, which also provides for injunctive relief.

In *Bianucci v. Rite Aid Corp.*, No. 2:24-cv-03356-HB (E.D. Pa.), after Mr. Ferich rescued a multi-million-dollar settlement from bankruptcy, the Court commended Mr. Ferich's efforts, stating "I just want to thank counsel for the good job they did in bringing this thing to a resolution. It could have been a very complicated and time-consuming matter and very expensive . . . ." The Court issued a final approval order commenting that Mr. Ferich is "highly experienced in . . . class action litigation and [was] chosen due to [his] expertise," and that the way in which he "dealt with Rite Aid's intervening bankruptcy" was "admirable," concluding that Mr. Ferich and his team "could not have secured a better outcome for the class."

*See also Volio v. Sugarhouse HSP Gaming, L.P. d/b/a Rivers Casino Philadelphia, et al.*, No. 2:25-cv-00039-JDW (E.D. Pa.) (Wolson, J.) (Mr. Ferich is one of four court-appointed interim co-lead class counsel in a casino data breach potentially impacting millions of class members and involving Social Security numbers and direct deposit information); *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01876-NIQA (E.D. Pa.) (Quiñones Alejandro, J.) (Mr. Ferich is one of four appointed co-lead counsel in a massive data breach case involving over 4 million class members); *Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care*, No. 2:24-cv-01148-MMB (E.D. Pa.) (Baylson, J.) (a medical information data breach case where Mr. Ferich was appointed as co-lead class counsel; final approval of a $3.15 million settlement was granted).

Other examples of Mr. Ferich's leadership in data privacy class actions abound. He has served or is serving as appointed class counsel in dozens of other data privacy and consumer class

actions. Below are a few additional examples of his appointments, contributions, and results in data privacy class actions:

- *In re: Snowflake, Inc. Data Security Breach Litig.*, 2:24-md-03126-BMM (D. Mont.): Mr. Ferich was appointed by Chief Judge Brian Morris to the leadership team in the Snowflake data breach litigation, a massive multi-district data breach litigation, where he co-manages the Snowflake defendant track;

- *Heath, et al. v. Keenan & Associates, et al.*, Case No. 24STCV03018 (Cal. Super. Ct. Los Angeles Cty.): $14 million approved common fund class action settlement. Mr. Ferich was appointed co-lead class counsel;

- *Harbour, et al. v. California Health & Wellness Plan, et al.*, No. 5:21-cv-03322 (N.D. Cal.) (Davila, J.): $10 million approved common fund class action settlement on behalf of 1.5 million victims in a medical information data breach case that is part of the Accellion hub-and-spoke data breach litigation. Mr. Ferich was appointed as co-lead counsel;

- *Smeltz, et al. v. Logan Health, et al.*, No. A-DV-22-0124 (Mont. 8th Jud. Dist. Ct., Cascade Cty.): $4.3 million approved common fund class action settlement on behalf of hundreds of thousands of Montanans whose sensitive medical information was reportedly exposed to cybercriminals. Mr. Ferich was appointed as co-lead class counsel. On appeal to the Montana Supreme Court, Mr. Ferich wrote the appellate briefing and overcame an objection that resulted in published opinion affirming the final approval order and reshaped class action fee jurisprudence in the State of Montana.

Mr. Ferich routinely is appointed to lead other class actions, including automotive, products, and ERISA pension plan class action lawsuits. For example, Mr. Ferich was appointed co-lead settlement class counsel in a lawsuit alleging a defective belt start generator in certain Audi automobiles and involved hundreds of thousands of class members. In approving that settlement, valued at over $30 million, the Court observed that Mr. Ferich and his team "are highly experienced and dedicated attorneys who secured what I view to be an excellent outcome for the class." *Steinhardt et al. v. Volkswagen Group of America, Inc. et al.*, No. 23-cv-02291-RK-RLS (D.N.J.), ECF No. 76. In *Udeen v. Subaru of Am., Inc.*, No. 18-cv-17334 (RBK) (JS) (D.N.J.), Mr. Ferich was co-lead counsel in an auto defect case that resulted in a settlement valued at $6.25

-12-

million. The Court observed that counsel "are very skilled and very efficient lawyers . . . . They've done a nice job." *See also Duffy, et al. v. Mazda Motor of America, Inc.*, No. 3:24-cv-388-BB (W.D. Ky.) (final approval granted in class action settlement involving automotive defect valued at over $32 million). Mr. Ferich is well-equipped to serve as appointed counsel in this matter.

### Samantha E. Holbrook of Shub Johns & Holbrook LLP[4]

Ms. Holbrook is a co-founding partner and the Chief Operating Officer of Shub Johns & Holbrook, LLP, which is headquartered in Conshohocken. She has been a class action litigator for nearly fifteen years. Her practice focuses on complex consumer class actions, including data privacy and security, product defect, and consumer protection. Ms. Holbrook and her firm have a history of successfully prosecuting complex class action cases, including data breach litigation. Ms. Holbrook was appointed as interim Co-Lead Counsel alongside Mr. Grunfeld in *Woytach v. Drug and Alcohol Treatment Services, Inc.*, No. 2025-cv-3681 currently pending in the Court of Common Pleas in Lackawanna County. She was also appointed as Plaintiff's Interim Co-Lead Counsel in *In re F21 OPCO LLC Data Breach Litigation*, No. 2:2023-cv-07390 (C.D. Ca.), a consumer data breach class action in California, and in *Lockhart et al., v. El Centro Del Barrio d/b/a CentroMed*, No. 5:23-cv-01156 (W.D. Tx), a medical data breach litigation pending in Texas. Ms. Holbrook has also been appointed in the following data breach cases: *In re Laboratory Services Cooperative Data Breach Litig.*, No. 2:25-cv-00685 (W.D. Wash.) (ECF No. 13) (Plaintiffs' Steering Committee); *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1876 (E.D. Pa.) (ECF No. 23) (Liaison Counsel); *In re HealthEquity, Inc. Data Security Litigation*, No. 2:24-cv-528 (D. Utah) (Plaintiffs' Executive Committee); *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-03424-K (N.D. Tex.) (additional class counsel in data

---

[4] Ms. Holbrook's firm resume is attached hereto as **Exhibit C**.

breach case that resulted in a $2.35 million common fund settlement); *Krenk v. Murfreesboro Medical Clinic, P.A. D/B/A Murfreesboro Medical Clinic & Surgicenter*, Case No. 75CC1-2023-CV-81005 (Rutherford Cir. Ct.) (Plaintiffs' Steering Committee); and *Doe v. Highmark, Inc.*, No. 2:23-cv-00250 (W.D. Pa.) (ECF No. 29) (provisionally appointed to the Plaintiffs' Executive Committee). Ms. Holbrook is well-versed in data breach litigation, and respectfully submits that she is well-equipped to lead litigation efforts in this case. In addition to her legal career, Ms. currently serves as the Vice President of the Board of Directors for the Montgomery County Society for the Prevention of the Cruelty to Animals.

### Charles E. Schaffer of Levin Sedran & Berman, LLP[5]

Charles E. Schaffer is a Philadelphia native and partner with Levin Sedran & Berman, LLP ("Levin Sedran") and leads the firm's consumer class action and data breach and privacy teams. During the past 28 years, Mr. Schaffer and his firm had the privilege to lead some of the most groundbreaking and socially consequential litigations in the country, whether requiring a gun manufacturer to repair and retrofit millions of Remington firearms to prevent the rifles from firing without a trigger pull, obtaining relief for victims of environmental disasters such as the Exxon Valdez oil spill, addressing the Opioid epidemic, and obtaining life-changing benefits for retired NFL players. *See* Exhibit D. Levin Sedran has earned recognition as a "class-action powerhouse" due to pioneering the use of class action which resulted in numerous record-breaking recoveries over the last four decades, and as a result, are frequently called upon to lead some of the largest MDLs and complex litigation including in this District.

Mr. Schaffer's stock and trade is leading complex litigation, having been appointed to 23 leadership positions in various MDLs by various district courts across the nation and having served

---

[5] Mr. Schaffer's firm resume is attached hereto as **Exhibit D**.

in over fifty leadership positions in non-MDL complex litigation. *See* Exhibit D. He is widely recognized for his expertise in dealing with discovery, experts, damage models, and national and multi-state classes. Having served our country as a United States Marine, he was trained and learned to work cooperatively with others, with integrity and the utmost professionalism. He prides himself on his ability to employ these traits to drive consensus and cooperatively work with other counsel, including the attorneys' seeking appointments in this action. One of his greatest strengths and skills is his ability to build broad consensus, in bringing together diverse plaintiffs, in generating agreement among peer and rival attorneys and their firms, in unifying leadership groups of all levels, and working collegially and effectively with opposing counsel. If appointed, he will continue to help lead, collaborate, and form efficient and collegial working groups for the benefit of the class and the Court.

In short, given Mr. Schaffer's leadership experience in some of the largest MDLs in the country (and indeed, data breaches of all sizes), his firm's culture of professionalism and reputation for excellence with plaintiffs' counsel, opposing counsel, and presiding judges, he is well suited to serve the class and the Court as interim liaison counsel.

### c.    Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Class

Proposed Interim Co-Lead Class Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs. Mr. Grunfeld, Mr. Ferich, Ms. Holbrook, Mr. Schaffer and their respective firms have a proven track record of success leading complex class action cases, including data privacy matters. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed Interim Co-Lead Class Counsel have

-15-

already demonstrated their commitment to this litigation by devoting substantial resources and coordinating among themselves to file this leadership proposal.

Just as they have previously done, Proposed Interim Co-Lead Class Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class here. Each of these attorneys would be independently qualified to serve as co-lead class counsel and have significant experience in class actions, including data breach class actions.

In sum, Mr. Grunfeld, Mr. Ferich, Ms. Holbrook, Mr. Schaffer, and their respective firms are committed to pursuing the best interests of Plaintiffs and the proposed class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms already have made significant investments of resources and time into the prosecution of these claims. Their firms possess the resources needed to prosecute this case to a successful resolution and will do so here. The Rule 23(g)(1)(A)(iv) factor is satisfied.

> d.   **Additional Factors Supporting Appointment Under Rule 23(g)(1)(B)**

The Court may also consider other matters in making appointments, per Rule 23(g)(1)(B). One consideration here is that Proposed Interim Co-Lead Counsel reached a cooperative agreement about the proposed leadership structure. Rather than file competing leadership applications, counsel met and conferred and agreed that it is in the best interest of the Plaintiffs and putative class members to form a unified front and cooperatively litigate the claims arising from the Data Breach against Defendant. This private ordering further supports appointing Mr. Grunfeld, Mr. Ferich, and Ms. Holbrok as interim co-lead counsel. MCL, §§ 10.22, 21.272; *see also Nelson*, 2023 WL 2721657, at *2 ("My choice here is a difficult one because everyone is qualified to lead this case. Ultimately, the ability to cooperate is the most important distinction

among the proposals before me. So I will adopt the proposal that shows the most cooperative spirit.").

A second consideration is that Mr. Grunfeld, Mr. Ferich, Ms. Holbrook, and Mr. Schaffer are career-long Pennsylvania attorneys, who long have been admitted to practice in the Commonwealth of Pennsylvania and have practiced in the Eastern District throughout their careers. In *Nelson*, Judge Wolson observed that "the lawyers' presence in and familiarity with this Court" was another factor that supported the appointment of lead counsel, which included Ms. Holbrook's firm and Mr. Ferich. *Nelson*, 2023 WL 2721657, at *2. That these attorneys are long-term Philadelphia area lawyers further supports their requested appointments.

A third consideration is that Mr. Grunfeld, Mr. Ferich, Ms. Holbrook, and Mr. Schaffer were the first lawyers to file cases concerning the data breach. Courts across the country often give deference to counsel in the first-filed cases where, as here, they are more than qualified to handle the action. *Riddick v. MedStar Health*, No. CV 24-1335-BAH, 2024 WL 4712390, at *4 (D. Md. Nov. 7, 2024); *see In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *see also In re Insulin Pricing Litig.*, 2017 WL 4122437, at *3 (D.N.J. Sept. 18, 2017) (appointing class counsel in part because they "filed the first complaint in this litigation"); *Michelle v. Arctic Zero, Inc.*, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (noting that courts will consider which action was filed first for lead counsel purposes where "there is a need for an objective tie-breaker"). For this reason as well, the Court should appoint Proposed Interim Co-Lead Counsel.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs request that the Court grant this motion and enter an order: (1) consolidating the above-captioned related actions pursuant to Fed. R. Civ. P. 42(a) under the caption of the first-filed *Brooks* docket, and administratively close the *McCleave*, *Spradlin*, *Soper, McCallister*, *Fitzgerrel*, and *Lamb* matters;[6] (2) appoint Mr. Grunfeld, Mr. Ferich, and Ms. Holbrook as Interim Co-Lead Class Counsel, and Mr. Schaffer as interim liaison counsel, pursuant to Fed. R. Civ. P. 23(g); and (3) set a deadline for Plaintiffs to file a consolidated complaint 30 days from entry of any order appointing interim class counsel, while also relieving Defendants from responding to the initial complaints in these cases.

Dated: April 13, 2026                                Respectfully submitted,

                                                     /s/  Kenneth J. Grunfeld
                                                     Kenneth J. Grunfeld (PA I.D. No. 84121)
                                                     **KOPELOWITZ OSTROW P.A.**
                                                     65 Overhill Rd
                                                     Bala Cynwyd, PA 19004
                                                     Tel: (954) 525-4100
                                                     grunfeld@kolawyers.com

                                                     Andrew W. Ferich (PA I.D. No. 313696)
                                                     **AHDOOT & WOLFSON, PC**
                                                     201 King of Prussia Road
                                                     Suite 650
                                                     Radnor, PA 19087
                                                     Tel: (310) 474-9111
                                                     aferich@ahdootwolfson.com

                                                     Samantha E. Holbrook (PA I.D. No. 311829)
                                                     **SHUB JOHNS & HOLBROOK LLP**
                                                     Four Tower Bridge
                                                     200 Barr Harbor Drive, Suite 400

---

[6] Plaintiffs note that two related actions are pending in Indiana federal court. *See Thompson v. Deaconess Health System Inc.*, No. 1:26-cv-00579 (S.D. Ind.); *Britt v. MRO Corp.*, No. 1:26-cv-00612 (S.D. Ind.).

-18-

Conshohocken, PA 19428
Tel: (610) 477-8380
sholbrook@shublawyers.com

*Proposed Interim Co-Lead Class Counsel*

Charles E. Schaffer (PA I.D. No. 76259)
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel.: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com

*Proposed Interim Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

*/s/ Kenneth J. Grunfeld*
Kenneth J. Grunfeld

-19-